# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

T.W., a minor, by TRACY M. WILSON,
his next friend, mother and natural guardian,

                  Plaintiff,

-vs-                                        Case No. 6:07-cv-155-Orl-28GJK

THE SCHOOL BOARD OF SEMINOLE
COUNTY, FLORIDA and KATHLEEN
MARY GARRETT,

                  Defendants.
_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

    This cause came on for consideration without oral argument on the following motions:

| | |
|---|---|
| **MOTION:** | **KATHLEEN GARRETT'S MOTION TO TAX COSTS AND FOR ENTITLEMENT TO ATTORNEY'S FEES (Doc. No. 163)** |
| **FILED:** | May 11, 2009 |
| | **THEREON** it is **RECOMMENDED** that the motion be **DENIED without prejudice.** |

| | |
|---|---|
| **MOTION:** | **DEFENDANT, SCHOOL BOARD OF SEMINOLE COUNTY, FLORIDA'S, MOTION FOR ATTORNEY'S FEES AND COSTS AND MEMORANDUM OF LAW IN SUPPORT THEREOF (Doc. No. 168)** |
| **FILED:** | **May 22, 2009** |

**THEREON** it is **RECOMMENDED** that the motion be **DENIED without prejudice.**

| | |
|---|---|
| **MOTION:** | **DEFENDANT SEMINOLE COUNTY SCHOOL BOARD'S MOTION REQUESTING BOND FOR COSTS AND ATTORNEYS' FEES ON APPEAL AND MEMORANDUM OF LAW IN SUPPORT THEREOF (Doc. No. 173)** |
| **FILED:** | **June 5, 2009** |

**THEREON** it is **RECOMMENDED** that the motion be **DENIED**.

| | |
|---|---|
| **MOTION:** | **DEFENDANT, KATHLEEN M. GARRETT'S MOTION FOR REQUESTING BOND FOR COSTS AND ATTORNEYS' FEES ON APPEAL AND MEMORANDUM OF LAW IN SUPPORT (Doc. No. 176)** |
| **FILED:** | **July 10, 2009** |

**THEREON** it is **RECOMMENDED** that the motion be **DENIED**.

## I. BACKGROUND

On February 2, 2007, Tracy M. Wilson (herein, "Plaintiff") filed a complaint ("Complaint") on behalf of her minor son, T.W. (herein, "TW"). Plaintiff's Complaint asserts the

following claims against Kathleen Mary Garrett ("Garrett") and the School Board of Seminole County, Florida ("SCSB") (collectively, the "Defendants"):

1) Violation of 42 U.S.C. § 1983 against SCSB (Count I);

2) Violation of Section 504 of the Federal Rehabilitation Act of 1973, 29 U.S.C. § 794 against SCSB (Count II);

3) Negligent hiring, supervision and retention against SCSB (Count III); and

4) Violation of 42 U.S.C. § 1983 against Garrett (Count IV).

Doc. No. 1.[1] On March 5, 2007 and April 16, 2007, SCSB and Garrett, respectively, filed Answers denying the allegations in the Complaint. Doc. Nos. 10, 25.

On December 19, 2008, SCSB and Garrett filed separate motions for summary judgment as to all counts in the Complaint. Doc. Nos. 83, 88. SCSB argued that the undisputed facts establish TW's constitutional rights were not violated, SCSB did not intentionally discriminate against TW and SCSB did not negligently hire Garrett. Doc. No. 83. Garrett argued that TW failed to produce any evidence establishing a violation of his constitutional rights. Doc. No. 88. On February 2 and 17, 2008, TW filed a response to each of the Defendants' summary judgment motions. Doc. Nos. 113, 118. On April 28, 2009, the Court granted Garrett's motion for summary judgment, granted SCSB's motion for summary judgment with respect to the federal claims (Counts I and II) and denied without prejudice the negligent state law claim (Count III). Doc. No. 158. The Court noted: "To succeed in establishing a § 1983 claim, T.W. must demonstrate an injury amounting to a deprivation of his constitutional rights; it must be an injury that literally shocks the conscience of the Court." *Id.* at 12. The Court found that TW's

---
[1] There are eight (8) related cases: 6:07-cv-834-28GJK; 6:07-cv-808-28GJK; 6:07-cv-835-28GJK; 6:07-cv-1313-28GJK; 6:07-cv-1465-28GJK; 6:07-cv-1481-28-GJK; 6:07-cv-1494-28GJK and 6:07cv-1529-28GJK.

constitutional rights were not violated, holding the following with respect to Garrett:

1. Verbal abuse, although not condoned, does not amount to a constitutional violation;

2. The Court could not find an injury that amounts to a deprivation of TW's constitutional rights; and

3. The Court did not find that TW's alleged psychological and emotional injuries from witnessing Garrett's treatment of other students rises to the "shocks the conscience" standard required by the Eleventh Circuit in Section 1983 claims;

*Id.*, *generally*.[2]

With respect to SCSB, the Court noted:

> "A plaintiff seeking to impose liability on a municipality (school district) under section 1983 must identify a municipal 'policy' or 'custom' that caused a deprivation of rights." David ex rel. Doe v. Dekalb County Sch. Dist., 233 F.3d 1367, 1375 (11th Cir. 2000). Liability will not attach under a theory of *respondeat superior*; rather, a school board policy or custom must actually cause the deprivation of the plaintiff's constitutional rights if a school board is to be held liable for plaintiff's constitutional injury. Doe v. Faerber, 446 F. Supp. 2d 1311, 1316 (M.D. Fla. 2006).

*Id.* The Court then held: "Because the Court has already concluded that T.W. has failed to establish a constitutional violation, any attempt to impose § 1983 liability on [SCSB] must be denied." *Id.* at 19. Furthermore, the Court ruled that TW's Section 504 claim must fail for the same reason as does the Section 1983 claim because "Plaintiff has offered no evidence to support a claim that T.W. was intentionally discriminated against on the basis of his disability and Plaintiff is not permitted to rest on mere allegations and speculation when faced with a properly

---

[2] The Court noted that no court has ever found a psychological injury to meet Section 1983's high threshold. *Id.* at 16. Because the Court found that TW's constitutional rights had not been violated, it was unnecessary to determine whether Garrett could maintain a qualified immunity defense. *Id.* at 18.

4

supported motion for summary judgment." *Id.* at 20. The Court declined to exercise supplemental jurisdiction over the state law claim, so Count III was dismissed without prejudice to be re-filed in state court. *Id.*

On May 11, 2009, Garrett filed a Motion to Tax Costs and for Entitlement to Attorney's Fees (the "Garrett Motion"). Doc. No. 163. As a prevailing defendant, Garrett seeks attorney's fees in the amount of $209,352.50, related non-taxable expenses of $1,052.84 and costs of $10,447.74. *Id.* at 2, 6; Doc. Nos. 161, 162. On May 22, 2009, SCSB filed a Motion for Attorney's Fees and Costs (the "SCSB Motion") Doc. No. 168. As a prevailing defendant, SCSB seeks attorney's fees in the amount of $150,309.50 and costs of $26,205.64. *Id.*; Doc. Nos. 168-2, 170. On May 15, 2009, TW filed a Notice of Appeal as to Judge Antoon's Order on the motions for summary judgment and Judgment. Doc. No. 166. On May 26, 2009 and June 2, 2009, TW filed separate but almost identical responses (collectively, referred to as the "Response") in opposition to the motions. Doc. Nos. 171, 172. TW maintains that his claim is not frivolous and, thus, fees are not warranted. *Id.*

On July 5 and 10, 2009, SCSB and Garrett respectively filed Motions Requesting Bond for Costs and Attorneys' Fees on Appeal (collectively, the "Motions for Bond"). Doc. No. 173, 176. SCSB requests that the Court order Plaintiff to file a bond in the amount of $30,000.00 (Doc. No. 173), and Garrett requests a bond in the amount of $32,000.00 (Doc. No. 176). Plaintiff filed virtually identical responses in opposition to the Motions for Bond (collectively, the "Bond Response") wherein he argues that Rule 7 of the Federal Rules of Civil Procedure strictly limits the bond amount to include costs of filing and proceeding with the case in the court of appeals, and does not include attorney's fees. Doc. Nos. 175, 177.

## II. JURISDICTION PENDING APPEAL

### A. Rule 54 of Civil Procedure

As a general rule, the filing of a notice of appeal divests a district court of jurisdiction *with respect to any matters involved in the appeal. Taylor v. Sterrett*, 640 F.2d 663, 667-68 (5th Cir. 1981); *see also Silverthorne v. Laird*, 460 F.2d 1175, 1178 (5th Cir. 1972).[3] The district court does not normally delay the entry of a judgment or extend the time for an appeal in order to tax costs or award attorney's fees. Fed. R. Civ. P. 58. Nevertheless, the Court has discretion to deny a motion for attorney's fees without prejudice to refile after the appeal has concluded. *See* Fed. R. Civ. P. 54 (d) (governing the procedure for awarding attorney's fees and costs). The Advisory Committee Notes to Rule 54 (d)(2) provide that:

> If an appeal on the merits of the case is taken, the court may rule on the claim for fees, may defer its ruling on the motion, *or may deny the motion without prejudice, directing under subdivision (d)(2)(B) a new period for filing after the appeal has been resolved.*

Advisory Committee Notes to the 1993 amendment to Rule 54 (d)(2) (emphasis supplied).

### B. Rule 7 of Appellate Procedure

Pursuant to Rule 7, "the district court may require an appellant to file a bond or provide other security in any form and amount necessary to ensure payment of costs on appeal." Fed. R. App. P. 7.

## III. APPLICATION

Even if this court were to hear and recommend a disposition as to fees and costs, the

---

[3]In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions handed down by the former Fifth Circuit prior to the close of business day on September 30, 1981.

Court will be asked to repeat the procedure as to fees on appeal. This Court prefers to avoid the piecemeal resolution of fee disputes. The resolution of this collateral issue could interfere with the Court of Appeal's consideration of substantive issues and its immediate resolution is unlikely to assist the Court of Appeals. The record reflects no good cause for the motion for attorney's fees to remain pending indefinitely. Lastly, the fee issues are often resolved in appellate mediation.

As to the Motions for Bond, the Court does not find that posting a bond for the appellate costs is necessary.

## IV. CONCLUSION

The undersigned recommends that Garrett Motion (Doc. No. 163) and the SCSB Motion (Doc. No. 168) be **DENIED WITHOUT PREJUDICE** to Garrett's and SCSB's right to refile and serve the motions and affidavits no later than fourteen days after entry of a mandate by the Court of Appeals. The Court further recommends that the Motions for Bond (Doc. Nos. 173, 177) be **DENIED**.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on August 19, 2009.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
The Honorable John Antoon II